**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RONNY GRINA,
　　　　　Appellant,

　　v.

DEPARTMENT OF THE ARMY,
　　　　　Agency.

DOCKET NUMBERS
DE-0752-21-0174-I-1
DE-0752-20-0417-I-1

DATE:　April 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

McRae Cleaveland, Esquire, and Ryan P. Aubrey, Esquire, and
　R. Bobby Devadoss, Esquire, Dallas, Texas, for the appellant.

Beverly G. Schneider, Esquire, and Michael P. Talia, Fort Harrison,
　Montana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

　　The agency has filed a petition for review of the initial decision in *Grina v. Department of the Army*, MSPB Docket No. DE-0752-20-0417-I-1 (0417 Appeal), which reversed the appellant's removal on constitutional due process grounds, and the appellant has filed a petition for review of the initial decision in *Grina v.*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Department of the Army*, MSPB Docket No. DE-0752-21-0174-I-1 (0174 Appeal), which sustained a second removal action based on the same charge. We JOIN these appeals. 5 C.F.R. § 1201.36(a)(2). For the reasons discussed below, we DENY the appellant's petition for review in the 0174 Appeal. We further GRANT the agency's petition for review in the 0417 Appeal, REVERSE the initial decision, which reversed the first agency removal action, and instead AFFIRM the appellant's removal based on the first removal action. In light of our findings here, we DISMISS the appellant's second removal appeal as moot.

## BACKGROUND

The appellant was a GS-12 Safety and Occupational Health Manager for the Department of the Air Force. 0417 Appeal, Initial Appeal File (0417 IAF), Tab 13 at 19. Although this is not a dual status position, the appellant also served as a Chief Master Sergeant in the Montana Air National Guard. 0417 IAF, Tab 20 at 26. On March 8, 2020, she submitted to a routine drug test in connection with her military service. 0417 IAF, Tab 13 at 187. The appellant's sample was processed on March 24, 2020, and it tested positive for amphetamine. *Id.* at 187-88. On March 25, 2020, the Air Force interviewed the appellant about the matter, and she stated that she was "unaware of ingesting any medication that would knowingly cause [her] to test positive on a urinalysis screening." *Id.* at 183-84. On May 18, 2020, the appellant submitted a second statement, explaining that, on the mornings of March 7 and 8, 2020, she had taken Adderall XR that had been prescribed to a family member. *Id.* at 185-86. She explained the circumstances surrounding her ingestion of a non-prescribed controlled substance and stated that she had not recalled doing so at the time she made her March 25 statement. *Id.*

The appellant's commander recommended that she be discharged from military service, 0417 IAF, Tab 20 at 15, and on July 28, 2020, the Department of the Air Force proposed to remove her from her civil service position as well,

based on a charge of using a controlled substance while off-duty without a prescription, 0417 IAF, Tab 13 at 175-82. The appellant responded to the proposal in writing, and on September 9, 2020, the deciding official issued a decision removing her effective September 26, 2020. *Id.* at 19-52.

The appellant filed a Board appeal, contesting her removal chiefly on the basis of the penalty. 0417 IAF, Tab 1 at 4, Tab 19 at 4, Tab 21 at 1. She did not raise any affirmative defenses. After a hearing, the administrative judge issued an initial decision reversing the removal on due process grounds. 0417 IAF, Tab 29, Initial Decision (0417 ID). He found that the deciding official violated the appellant's due process rights by considering an aggravating penalty factor without prior notice or an opportunity to respond. 0417 ID at 8-12. Specifically, the deciding official disbelieved the appellant's initial response to the positive drug test result test, i.e., that she did not recall taking any medication that would result in a positive test, and he considered this alleged untruthfulness as an aggravating factor in his decision. 0417 IAF, Hearing Recording (HR), Track 1 at 50:00 (testimony of the deciding official). Having reversed the removal on due process grounds, the administrative judge did not reach the merits of the appeal. 0417 ID at 2, 12. The administrative judge ordered the agency to provide interim relief. 0417 ID at 13-14.

On February 19, 2021, the agency filed a petition for review, disputing the administrative judge's due process analysis. 0417 Petition for Review (0417 PFR) File, Tab 1. The appellant has responded to the petition for review. 0417 PFR File, Tab 5. The agency reinstated the appellant to her position and certified its compliance with the interim relief order. *Id.* at 17.

On February 20, 2021, the agency proposed the appellant's removal for a second time based on the same underlying charge of off-duty use of a controlled substance without a prescription. 0174 Appeal, Initial Appeal File (0174 IAF), Tab 12 at 79-86. The appellant provided a written response to the proposal on March 4, 2021, and on April 9, 2021, the deciding official issued a decision

removing her effective April 11, 2021. *Id.* at 21-50. The appellant filed a Board appeal challenging the second removal action. 0174 IAF, Tab 1 at 1-6. She did not raise any affirmative defenses. 0174 IAF, Tab 11 at 4.

After the appellant withdrew her hearing request, 0174 IAF, Tab 21 at 1, and the parties submitted their closing briefs, 0174 IAF, Tabs 22-25, the administrative judge issued an initial decision sustaining the removal, 0174 IAF, Tab 27, Initial Decision (0174 ID) at 2, 10. The administrative judge sustained the charge based on the appellant's admission that she used Adderall XR without a prescription while off duty. 0174 ID at 4. He further found that the agency established a nexus between the appellant's misconduct and the efficiency of the service, and that the removal penalty was reasonable. 0174 ID at 4-10.

The appellant has filed a petition for review of that decision. 0174 Appeal, Petition for Review (0174 PFR) File, Tab 3. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. 0174 PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We join these two appeals.</u>

Joinder of two or more appeals filed by the same appellant may be appropriate when joinder would expedite processing of the appeals and not adversely affect the interests of the parties. *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 14 (2008), *aff'd per curiam*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.36(a)(2), (b). We join these appeals on review because the facts are interrelated and joinder will expedite processing without adversely affecting the interests of the parties. *See Seth-Morris v. Office of Personnel Management*, 94 M.S.P.R. 166, 166 n.1 (2003).

First Removal Appeal, Appeal 0417.

*The agency did not violate the appellant's right to due process.*

On petition for review in the first Board appeal, the agency argues that the administrative judge should not have found a due process violation under *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999), because the deciding official did not consider any penalty factors of which the appellant was not specifically notified. 0417 PFR File, Tab 1 at 8-11. For the reasons that follow, we agree.

The essential requirements of due process are notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). In the context of an adverse action under 5 U.S.C. chapter 75, this entails advance notice of the reasons for the proposed adverse action, an explanation of the agency's evidence, and a meaningful opportunity to present reasons why the agency should not take the action. *Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶ 4 (2013). These requirements of notice and an opportunity to respond apply equally to the charges against the employee and to the level of penalty being imposed. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011). When an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011). In this case, the administrative judge found no indication that the proposing official intended for allegations of untruthfulness to factor into the removal action. 0417 ID at 8.

The administrative judge further found that there was no indication that the appellant understood the proposal to be making any such allegation. *Id*. Thus, he determined that the deciding official "privately concluded" that the appellant's statement was untruthful and factored this conclusion against her in his removal decision without any prior notice to the appellant that this would be an issue.

0417 ID at 9-10. Applying the factors set forth in *Stone*, 179 F.3d at 1377, the administrative judge concluded that the deciding official's consideration of this matter was so substantial and so likely to cause prejudice that no employee could fairly be required to be subjected to a deprivation of property under such circumstances. 0417 ID at 11-12.

However, we disagree that the agency failed to inform the appellant that the facial inconsistency between her March 25 and May 18, 2020 statements could be an issue in its decision. 0174 ID at 8. The first page of the proposal notice states four sets of facts, labeled "a" through "d" in support of the agency's charge of off-duty nonprescription use of a controlled substance. 0417 IAF, Tab 13 at 75. Under "c," the proposing official stated:

> On or about 25 March 2020, you provided a sworn statement that you were unaware of ingesting anything that would cause a positive urinalysis test. On or about 18 May 2020, you provided a sworn statement that you admitted to using Adderall XR on 7 and 8 March 2020; you admitted you did not have a prescription for Adderall XR.

*Id.*

Mention of the May 18 statement certainly goes to support the charge, but that is not all. The agency also noted the March 25 statement in which the appellant pled ignorance of the reason for the positive test results. It is difficult to imagine any reason that the agency would have mentioned the March 25 statement in its proposal notice except to point out that it was inconsistent with the appellant's later admission of misconduct. The only alternative would be to interpret the agency's mention of the March 25 statement as entirely superfluous, but such an interpretation would be both against the rules of construction and common sense, especially considering its prominent placement in the notice of proposed removal. *See Gill v. Department of Defense*, 92 M.S.P.R. 23, ¶ 19 (2002) (determining that when an agency stated, following its narrative of the factual basis for the charge, that the appellant violated the Privacy Act and a regulation, those alleged violations were part of the charge). We therefore find

that the appellant was on notice that her inconsistent statements might be a factor in the agency's decision.

Although the appellant's response to the notice of proposed removal does not address the matter, her response to the parallel military discharge proceedings does. 0417 IAF, Tab 20 at 15-18. During those proceedings, the appellant explained the discrepancy between her two statements, indicating that she was caught off-guard by the positive test results and did not recall until after she made her initial statement that she had taken two nonprescription doses of Adderall XR around the time in question. *Id.* at 15. We acknowledge that these parallel proceedings were distinct from one another. However, the appellant's May 22, 2020 response to the notice of proposed discharge shows that she must have been aware of the significance of the apparently contradictory statements as they appeared in the July 28, 2020 notice of proposed removal.

For the foregoing reasons, we conclude that the deciding official neither considered information that was not included in the proposal notice nor drew any conclusions that might represent a departure from the reasons stated in the proposal itself, and so the agency did not commit a violation of due process. For the same reason, we also find that the agency committed no procedural error. *See Ward*, 634 F.3d at 1281-82.

Because the administrative judge reversed the removal on due process grounds without reaching the merits of the appeal, a remand for further adjudication would ordinarily be required. *Stone*, 179 F.3d at 1377-78; *Ward*, 634 F.3d at 1279-80. However, for the reasons discussed below, we find that the principles of adjudicatory efficiency provide sufficient basis for the Board to decide the merits of this appeal on petition for review.

Second Removal Action, Appeal 0174.

As previously noted, after the administrative judge reversed the first removal action on constitutional due process grounds, the agency proposed the appellant's removal a second time. 0174 IAF, Tab 12 at 79-86. The second

removal action contained the same single charge of off-duty use of a controlled substance without a prescription, with the same single specification. *Id.* at 79; *see* 0417 IAF, Tab 13 at 175. Additionally, the proposing and deciding officials in the second removal action were the same as in the first removal. 0174 IAF, Tab 12 at 25, 86; 0417 IAF, Tab 13 at 24, 181. Although the appellant initially indicated that she would once again raise a due process affirmative defense in the second appeal, she ultimately declined to do so and did not raise any other affirmative defenses. 0174 IAF, Tab 11 at 4. Finally, a full hearing on the merits was held in the first appeal with testimony from all of the relevant witnesses, and because the second appeal was based on the written record pursuant to the appellant's request, there was no additional testimony in the second appeal. 0417 IAF, Tab 26; 0174 IAF, Tab 21 at 1.

Thus, the only substantive difference between the first and second removal actions was that the second proposal notice was more explicit about the inference that the proposing official drew from the inconsistent statements. 0174 IAF, Tab 12 at 29-30, 33, 79-82, 95, 97-98; 0417 IAF, Tab 13 at 175, HR, Track 1 at 50:30 (testimony of the deciding official) (acknowledging that he believed the appellant's statement denying awareness of why she tested positive for amphetamines was false); HR Track 3 at 29:30 (testimony of the proposing official) (same).

As set forth in *Ward* and *Stone*, when an adverse action is reversed on due process grounds, an agency may take a second adverse action based on the same misconduct if it provides the appellant a new and "constitutionally correct removal procedure." *Ward*, 634 F.3d at 1280; *Stone*, 179 F.3d at 1377; *see Litton v. Department of Justice*, 118 M.S.P.R. 626, ¶ 12 (2012) (noting that it is not unusual or wrongful for an agency to begin anew an adverse action based on charges that were previously brought when the initial action was invalidated on procedural grounds) (citing *Steele v. General Services Administration*, 6 M.S.P.R. 368, 372 (1981)); *Shamblen v. U.S. Postal Service*, 45 M.S.P.R. 620, 624 (1990)

(noting that when the adverse action in the earlier proceeding was invalidated on procedural grounds and the administrative judge did not reach the merits of the charge, the agency is not precluded from renewing the adverse action based on the charges brought in the earlier proceeding).

Additionally, in *Lopes v Department of the Navy*, 119 M.S.P.R. 106, ¶¶ 2, 4-5, 8-111 (2012), the Board concluded that an administrative judge who held a hearing on a prior removal based on the same charges may exercise his discretion to incorporate any evidence from the record in the first appeal that he deems appropriate into the record in the second appeal, while affording the parties with the opportunity to further develop the record with relevant and nonduplicative evidence. We find that situation analogous to the one here, in which we are presented with virtually identical removal actions and must determine whether to sustain them. Adjudicatory efficiency dictates that we determine whether we can sustain the first removal before proceeding to consider the second. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013) (finding that when an appellant files an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued, but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency). Based on the specific circumstances present in this case, including that the same administrative judge considered both appeals, all of the relevant evidence and argument is substantively identical, the record was fully developed in the first Board appeal, the appellant did not request a hearing in the second appeal, and there is no dispute of material fact implicating witness credibility, we find it appropriate to decide the merits of the 0417 appeal based on the record in the 0174 appeal.

*We affirm the first removal action for the reasons discussed in the 0174 initial decision.*

In the 0174 appeal, the administrative judge found that the agency proved its charge and established nexus. 0174 ID at 4. The appellant does not contest these findings, and for the reasons explained in the initial decision, we agree.

The administrative judge also found that the deciding official considered the relevant penalty factors and that the removal penalty was within the tolerable limits of reasonableness. 0174 ID at 4-10. On review, the appellant argues that the administrative judge failed to address the cases that she cited in her initial and closing briefs. 0174 PFR File, Tab 3 at 7-18. She also contests the deciding official's application of the agency's table of penalties. *Id.* at 7-11.

When, as here, the agency's charges are sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 5 (2004), *aff'd per curiam*, 137 F. App'x 352 (Fed. Cir. 2005). In making that determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that management judgment has been properly exercised. *See, e.g.*, *Brown v. Department of the Treasury*, 91 M.S.P.R. 60, ¶ 7 (2002); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 302 (1981). Thus, the Board will disturb the agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Toth v. U.S. Postal Service*, 76 M.S.P.R. 36, 39 (1997).

In arriving at the removal penalty, the deciding official highlighted the nature and seriousness of the appellant's misconduct of using Adderall XR without a prescription. He observed that, as a Safety and Occupational Health Manager, the appellant's drug use could have jeopardized the safety of the

120 personnel in her work unit and damaged military equipment. 0417 IAF, Tab 13 at 26. He also considered other factors, such as the impact that the appellant's misconduct had on her job duties, the consistency of the removal penalty with the closest analogous offense on the agency's table of penalties, the fact that she was on clear notice that use of illicit drugs was prohibited by Government and agency policy, her limited potential for rehabilitation, and the agency's loss of trust in her judgment. 0417 IAF, Tab 13 at 26-31.

The deciding official also considered mitigating factors, such as the appellant's lack of a disciplinary record, her lengthy service, her positive job performance, and mitigating conditions related to recent illness and personal stress, but he found that those factors did not overcome the severity of the appellant's offense.[2] 0417 IAF, Tab 13 at 30. After reviewing the deciding official's assessment of each *Douglas* factor, the administrative judge found that the deciding official considered and properly weighed the *Douglas* factors and

---

[2] In the 0174 appeal, the administrative judge stated that the deciding official considered *Douglas* factor 11 as "aggravating," and that the appellant agreed with the deciding official's assessment. 0174 ID at 9. However, the *Douglas* factor worksheet identifies this factor as "mitigating," and the appellant argued in her response to the proposal that this factor was mitigating, so this appears to be a misstatement. 0174 IAF, Tab 12 at 33, 70-71.

Further, although the proposing and deciding officials considered this factor mitigating in the second removal action, they considered it aggravating in the first removal action, with the difference being that the appellant was not apologetic in her response. *Compare* 0174 IAF, Tab 12 at 33, 98, *with* 0417 IAF, Tab 13 at 30, 193. Nevertheless, even assessing the reasonableness of the removal penalty based on the deciding official's analysis of *Douglas* factor 11 in the first removal action, the result is the same. It is apparent that the agency would have removed the appellant regardless of whether this factor was viewed as mitigating or aggravating, and we agree that the removal is justified based on the severity of the appellant's misconduct. *See Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶¶ 2, 8 (2016) (finding removal was the appropriate penalty for a shipyard employee charged with admitted frequent marijuana use); *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 15 (2014) (holding that removal is a reasonable penalty for drug use when the employee performs work that, if the employee were impaired, could result in substantial danger to life and property, notwithstanding other mitigating factors).

exercised his discretion within the tolerable limits of reasonableness. 0174 ID at 6-9.

The appellant argues on review that the penalty of removal is unreasonable because she engaged in her misconduct while off duty. 0174 PFR File, Tab 3 at 8-11; 0174 IAF, Tab 12 at 31. In support of her argument, the appellant cites *Culley v. Defense Logistics Agency*, 60 M.S.P.R. 204 (1993). 0174 PFR File, Tab 1 at 8-11. We have considered the appellant's arguments, but we do not agree.

In *Culley*, 60 M.S.P.R. at 214-15, the deciding official erred by basing her penalty decision on the charge of theft, when the appellant was actually charged with unauthorized possession of Government property. No such error occurred here. Rather, the deciding official listed the charge of being under the influence on-duty as the "most closely related charge [to the appellant's charged misconduct] in the table of penalties." 0174 IAF, Tab 12 at 31. However, in doing so, he explicitly recognized that appellant was charged with "off-duty misconduct" and acknowledged that she had not reported to her civilian position while under the influence.[3] 0174 IAF, Tab 12 at 31. The deciding official ultimately concluded that the table of penalties was a "neutral" penalty factor, a conclusion with which the administrative judge agreed. *Id.*; 0174 ID at 8.

The appellant also disputes the deciding official's assessment of *Douglas* factor 5, which concerns the effect of the offense upon her supervisors' confidence in her ability to perform her assigned duties. 0174 PFR File, Tab 3 at 12-16. According to the appellant, the proposing official had not lost trust and

---

[3] An agency may violate an employee's right to due process if she is not provided with the opportunity to respond to the agency's consideration of the recommended penalty for a charge other than the one set forth in the notice itself. *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 12 (2012). However, as noted above, the appellant elected not to pursue a due process claim. In any event, the agency notified the appellant of how it viewed her offense under its table of penalties in both of its proposed removals, and she specifically responded to this issue in the second removal action. 0417 IAF, Tab 13 at 177, 192; 0174 IAF, Tab 12 at 31, 64, 68, 81. Therefore, she had notice of, and an opportunity to respond to, this information.

confidence in her ability to perform her job, and the deciding official's loss of confidence was based on her alleged lack of candor rather than on the underlying offense. Therefore, she argues, these factors should not have weighed against her. *Id*. at 13-16.

An agency's claim that supervisors have lost trust and confidence in an appellant must be supported by evidence and cannot be based solely on a mere conclusory statement. *Jefferson v. U.S. Postal Service*, 73 M.S.P.R. 376, 384 (1997). In this case, the deciding official specifically explained that he lost confidence in the appellant because the agency relies on the Safety and Occupational Health Manager to use good judgment and decision-making ability to ensure that safety standards are met, but the appellant demonstrated poor judgment by using a controlled substance without a prescription. 0417 IAF, Tab 13 at 28. We agree with the administrative judge that the record supports the agency's claim of lost trust and confidence, 0174 ID at 7.

Finally, the appellant argues that the Board's decision in *Kruger v. Department of Justice,* 32 M.S.P.R. 71 (1987), requires mitigation of the removal penalty. 0174 PFR, Tab 3 at 16-18. The three appellants in *Kruger* each immediately admitted to smoking marijuana while off duty when interviewed by agency investigators. *Kruger*, 32 M.S.P.R. at 73. Based on this and other factors, the Board mitigated their removals to 60-day suspensions. *Id.* at 76-77. In contrast, the appellant here initially denied any knowledge concerning why she tested positive for amphetamine, and only later made a second statement acknowledging that the positive screen was due to her use of medication prescribed to a family member for attention deficit hyperactivity disorder. 0417 IAF, Tab 13 at 183-88. Accordingly, she did not demonstrate the same potential for rehabilitation as the appellants in *Kruger*.

Because we find that the agency afforded the appellant due process in connection with the 0417 removal, we grant the agency's petition for review and reverse the 0417 initial decision. Because a hearing was held in that appeal and

the record is complete, we sustain the appellant's first removal, effective September 26, 2020, on the merits without remanding to the administrative judge. 0417 IAF, Tab 13 at 19.

Because we affirm the appellant's first removal, there is no effective relief we can grant the parties regarding the appellant's second removal, and it is now moot. *See Milner v. U.S. Postal Service*, 118 M.S.P.R. 600, ¶ 4 (2012) (explaining that an issue is moot when there is no effective relief that the Board can provide); *Najjum v. General Services Administration*, 27 M.S.P.R. 87, 88-89 (1985) (determining that an appellant's retirement retroactive to a date prior to his removal rendered his removal appeal moot). Therefore, we dismiss the 0174 Appeal as moot.

## NOTICE OF APPEAL RIGHTS[4]

The initial decisions, as supplemented by this Final Order, constitute the Board's final decisions on these matters. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.